13596

GREENVILLE NEWS-PIEDMONT CO. v. UNITED STATES
FIDELITY & GUARANTY CO.

(168 S. E., 396)

June, 1931.

*Mr. C. G. Wyche,* for appellant,

Mr. D. B. Stover, for respondent,

March 9, 1933.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

The appellant in this action, publisher of two newspapers in the city of Greenville, published for many years certain legal notices of Mrs. Fannie C. Scott, the Judge of Probate of Greenville County, such as citations for the appointment of administrators, notices of final settlement of estates on the part of executors and administrators, notices of sale of real estate, etc. While an effort was made to separate and show on the books of the appellant the various estates and causes against which the published notices were chargeable, the whole account was run on the books in the name of Mrs. Fannie C. Scott, individually, not as Judge of Probate. Frequently, during the running of the account, Mrs. Scott made payments thereon, and the appellant attempted, in giving credit for the payments made, to show to what particular items they were applicable. On account of poor records kept in the office of the Probate Judge, however, it seems, and the appellant so claimed, it was difficult to keep the account precisely correct.

The final result was that there was a balance due on the account of $1,556.50. Mrs. Scott, upon presentation of the bill for the balance, did not make payment. After Mrs. Scott retired from the office of Judge of Probate, the appellant made demand upon the surety on her official bond, the respondent here, for payment of the amount due to it. The surety refused the demand, and thereupon the appellant instituted this suit.

After hearing all the evidence in the case, which was tried in the Court of Common Pleas for Greenville County,

the presiding Judge, Hon. M. M. Mann, directed a verdict in favor of the respondent, the surety.

There were several grounds upon which the directed verdict in favor of the respondent was asked. Some of these were not sustained by the trial Judge, and it is needless here to refer to them.

On consideration of the evidence, in his ruling, Judge Mann gave the following as the main reasons for his conclusion: "I think before they can recover on the bond of the Probate Judge there would have to be a preponderance of the testimony showing that the Probate Judge had come in possession of those funds, either under direct authority of law or acting under color of official authority; but I didn't construe Mr. Ballenger's (the clerk of the Probate Judge) testimony to mean that there was still funds there which had not been disbursed to parties properly entitled thereto. All that I can get out of the testimony is that these funds have never been collected and they are somewhere yet uncollected and still due and owing the Greenville News-Piedmont Company; and I hold that Mrs. Scott, as Probate Judge, never came into possession, even though she represented to the plaintiff that they would be paid, that was predicated upon the assumption that she would be paid and merely pass over the funds as the proper official."

A review of the evidence is convincing that the conclusion of Judge Mann thereabout was correct. There was absolutely no showing that Mrs. Scott had failed to pay over to the appellant any money collected by her applicable to the account of the appellant.

The suit here was not for an accounting as to funds collected by Mrs. Scott, the Probate Judge. It was not a suit either on the theory that she had failed to pay over to the appellant any funds received by her to which the appellant was entitled. The suit was one on an account only against Mrs. Scott.

We know of no statute that makes a Probate Judge personally responsible for the costs of administration of estates in the Probate Court. The printing and publishing of legal notices is clearly an item of cost, and payable out of the estates under the law. See Section 8995, Code 1932.

Even if Mrs. Scott made herself personally liable for costs, her failure to pay the same, if she had not made collection thereof, ·clearly would not come within the purview of her official bond. If Mrs. Scott collected costs and fees for the publication of legal notices, and failed to properly disburse them, a different question might arise.

It seems clear to us that the trial Judge was absolutely correct in the ruling he made, and the judgment below is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.